IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARLOS TAYLOR, JR.,
       Plaintiff,

vs.                               Case No. 5:08cv122/RS/MD

STATE OF FLORIDA,
       Defendant.

---

## ORDER and
## REPORT AND RECOMMENDATION

      Plaintiff, a prisoner proceeding *pro se*, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 4) and a motion for leave to proceed *in forma pauperis* (doc. 5). For the limited purpose of dismissal of this action, leave to proceed *in forma pauperis* will be granted.

      Since plaintiff is proceeding *in forma pauperis*, the court must review his complaint to determine if it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts all the factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded

do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1968-69, 1974, 167 L.Ed.2d 929 (May 21, 2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations--on their face--show that an affirmative defense bars recovery on the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff is an inmate of the Florida penal system currently confined at Graceville Correctional Facility. Named as the sole defendant is the State of Florida. Plaintiff challenges, on state law grounds, the sentence imposed upon his conviction for Sale of Cocaine Within 1000 Feet of a Place of Worship, entered in the Circuit Court of Bay County, Florida in Case Number 07-1082. Specifically, plaintiff contends he was sentenced for a first degree felony even though his offense of conviction is classified as a second degree felony. (Doc. 4, p. 5). He further complains that on his Criminal Punishment Code Scoresheet, the State added points for plaintiff's prior convictions for non-drug related third degree felonies. Claiming violation of Florida Statute Sections 3.992(a), 893.13, and 778.012, plaintiff seeks immediate release, "dismissal" of his criminal case, and a $400 million fine. (*Id.*, p. 7).

Although plaintiff filed his complaint pursuant to 42 U.S.C. § 1983, he seeks, at least in part, relief in the nature of habeas corpus--he claims he is illegally incarcerated as a result of the alleged "illegal" conduct and seeks immediate release. The Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the

general terms of § 1983."  Thus, when a prisoner, though asserting jurisdiction under the Civil Rights Act, is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or speedier release from such imprisonment, his sole federal remedy is a writ of habeas corpus.  *Preiser*, 411 U.S. at 500, 93 S.Ct. at 1841.  Regardless of the label plaintiff may place on this action, in order to challenge the validity of his conviction or sentence on the grounds that his constitutional rights have been violated, he must pursue his claims through habeas corpus after exhausting his state judicial remedies.  *Prather v. Norman*, 901 F.2d 915, 918-19 n.4 (11th Cir. 1990) (per curiam); *McKinnis v. Mosley*, 693 F.2d 1054, 1057 (11th Cir. 1982).

As to plaintiff's claims for monetary damages for the allegedly illegal sentence, based upon the Supreme Court decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), dismissal of this case is warranted.  The Court in *Heck* stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Id*. at 487, 114 S.Ct. at 2372.  Absent such an invalidation, the section 1983 suit must be dismissed.  *Id*.  Here, were the court to make a determination in plaintiff's favor, it would call into question the validity of his sentence.  It is clear from the face of the amended complaint that plaintiff has not obtained an invalidation of his conviction or sentence.  Therefore, his claims should be dismissed without prejudice to their refiling in the event plaintiff obtains such an invalidation through habeas corpus or other avenues.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 5) is GRANTED for the limited purpose of dismissing this action.

Case No: 5:08cv122/RS/MD

**And it is respectfully RECOMMENDED:**

1.  That this cause be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2.  That the Clerk be directed to close the file.

At Pensacola, Florida this 19th day of May, 2008.


/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**